# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WESLEY DORAN HALPRIN,**

                **Plaintiff,**

        v.                                    **CASE NO. 20-3032-SAC**

**RENEE S. HENRY, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a person held at the Wyandotte County Detention Center, proceeds pro se. The Court grants leave to proceed in forma pauperis[1].

## Nature of the Complaint

The complaint names three defendants: a state district court judge, plaintiff's appointed defense counsel and former President Barack Obama. In Count I, plaintiff asserts that murders have occurred at the behest of defendant Obama, who plaintiff alleges has "been present 'in spirit' since around 2011" and has coerced plaintiff to help him "become King." In Count 2, plaintiff alleges that an illegal meeting took place among the three defendants concerning plaintiff's mental health and resulted in his sentence to placement at the Larned State Hospital (LSH). In Count 3, plaintiff alleges his detention is illegal and that his placement at the LSH is unnecessary. He seeks dismissal of charges, asks for charges against the defendants, damages

---

[1] Plaintiff has advised the Court that the Wyandotte County Detention Center refuses to provide him with a financial statement in support of his motion to proceed in forma pauperis. The Court does not impose an initial partial filing fee but will order that collection action proceed.

for mental anguish and pain and suffering, and restoration of his access to a firearm. Notations on the mailing envelope and the complaint state that there is an emergency.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id.* However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id.* at 558. A court need not

accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

The Court has reviewed the complaint and, for the reasons that follow, dismisses this matter.

First, to the extent that plaintiff challenges his current confinement and seeks relief from his sentence, he must seek relief

in a federal habeas corpus action after he presents his claims to the state courts. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). His claims for relief from his conviction and sentence will be dismissed from this action without prejudice.

Next, plaintiff's claims against the defendant judge are barred by the doctrine of absolute judicial immunity. This immunity protects a state judge from liability under § 1983 unless the judicial acts were taken "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Quintana v. Adair*, 673 F. App'x 815, 818-19 (10th Cir. 2016)(finding state court judge was entitled to absolute immunity from claims seeking damages for unlawful confinement). Plaintiff's challenges to rulings by the defendant judge do not suggest that they were taken in the absence of jurisdiction, nor is his bare claim of an illegal meeting among the defendants sufficient to plausibly state a claim for legal relief.

Third, plaintiff's claims against his appointed defense counsel do not state a claim for relief under § 1983. The United States Supreme Court has held that a public defender cannot be sued under that provision because a public defender does not act under color of state law. *See Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981). Likewise, a private attorney appointed to represent an indigent criminal defendant does not act under color of state law. It is settled that although lawyers are licensed by states, "they are not officials of government by virtue of being lawyers." *In re Griffiths*, 413 U.S. 717, 729 (1973). And, as with the defendant judge, plaintiff's claim of an illegal meeting is implausible and insufficient to state a viable claim of conspiracy.

Finally, a complaint is frivolous when its factual allegations

are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court "may dismiss a pro se complaint sua sponte without permitting the plaintiff to amend the complaint … if it is clear that the amendment would be futile." *Staats v. Cobb*, 455 F.App'x 816, 818 (10th Cir. 2011)(quotations and citation omitted). Here, plaintiff's claims concerning a spiritual visitation by defendant Obama to encourage murders are delusional and cannot be cured by amendment.

**Conclusion**

For the reasons set forth, the Court concludes this matter may be summarily dismissed for failure to state a claim for relief. Plaintiff's claims for relief from his conviction and sentence are dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall proceed under 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 5th day of February, 2020, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge